Jack C. GAINES, et al.,
Plaintiffs–Appellees,

v.

James H. DAVIS, Defendant–Appellant,

Mike Steinhauser, Movant–Appellant.

No. 90–2887

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 15, 1991.

Rehearing Denied May 15, 1991.

Ramon G. Viada, III and Barry Abrams, Sewell & Riggs, Houston, Tex., for defendant-appellant.

Stanley J. Krist, Krist, Kinney, Puckett & Riedmueller, Houston, Tex., for plaintiffs-appellees.

Before GOLDBERG, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

James H. Davis ("Davis") and Mike Steinhauser ("Steinhauser") challenge the district court's order which refused to address Davis' motion to dismiss based on qualified immunity until after Davis and Steinhauser, both public officials, submitted to depositions. Among other arguments, Davis and Steinhauser allege that the district court's order is overly broad because it does not limit the scope of the depositions to an inquiry about facts which, if proven, would defeat Davis' and Steinhauser's

claim of qualified immunity. Since we find that the district court's order was overly broad, we reverse.

## I. PROCEEDINGS BELOW

Jack C. Gaines and Charles and Sandra Richter (hereinafter collectively referred to as "Plaintiffs") brought this action pursuant to 42 U.S.C. § 1983, complaining that Davis misused his public office as Flatonia City Manager to encourage South Texas Environmental Management Co., Inc. ("STEMCO"), an Oklahoma company, to purchase land adjacent to the land Plaintiffs owned outside the Flatonia city limits, in Fayette County, Texas. STEMCO apparently intends to locate a medical waste incinerator on that tract of land. Invoking the Due Process and Equal Protection Clauses of the Fourteenth Amendment, Plaintiffs seek to enjoin Davis from further encouraging STEMCO to build the proposed incinerator, and also seek to recover monetary damages to compensate them for the alleged diminution in the value of their property caused by the prospect of the incinerator operating nearby.

On June 19, 1990, Davis filed his motion to dismiss, alleging, among other arguments, that he is entitled to qualified immunity. Several months later, Plaintiffs noticed the depositions of Davis and Steinhauser, the Flatonia City Attorney. Davis and Steinhauser then filed an emergency motion to quash and for protective order, requesting that the court quash the deposition notices and stay discovery until it ruled upon Davis' motion to dismiss. Davis and Steinhauser argued that as municipal officers they enjoyed qualified immunity from suit, including immunity from the discovery process.

Although the district court granted temporary relief by quashing the deposition notices, the district court announced it would not rule on Davis' motion to dismiss until after the Plaintiffs deposed Davis and Steinhauser. An order embodying the district court's rulings was entered on October 15, 1990. This October 15 Order did not in any way limit the scope of Davis' and Steinhauser's depositions. After Davis

and Steinhauser timely perfected their appeal of the October 15 Order to this court, the district court granted their motion to stay the depositions pending their appeal. In its order granting this stay, the district court stated that it had "declined to address the defense of qualified immunity until after the depositions were taken, for the simple reason that the Court does not see how it can determine without discovery whether Davis engaged in the practices complained of, in his official capacity or as a private individual."

## II. DISCUSSION

■ Ordinarily, an order compelling discovery is interlocutory and not appealable under the final judgment rule, 28 U.S.C. § 1291 (1986). However, the Supreme Court has held that immediate appeal may be taken from a limited class of interlocutory orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

■ In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court held that orders denying a substantial claim of qualified immunity are immediately appealable under the *Cohen* collateral order doctrine. *See also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir.1986). Qualified immunity protects government officials serving in a discretionary capacity from liability for actions undertaken in their official capacity. *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982). Public officials enjoy qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs

of trial [and] ... the burdens of broad-reaching discovery." *Harlow*, 457 U.S. at 817–18, 102 S.Ct. at 2738. This circuit has specifically recognized an immune defendant's right to be free of the burdens of broad-reaching discovery. *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986) ("[c]ourts have an obligation ... to carefully scrutinize a plaintiff's claim before subjecting public officials to broad-reaching discovery.").

■■■ Therefore, in qualified immunity cases such as this one, immediate appeal is available for discovery orders which are either avoidable or overly broad. *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir.1987) (collateral order doctrine applies in cases where discovery order is either avoidable or overly broad). In this case, the district court's October 15 Order allowing Plaintiffs to take the depositions of Davis and Steinhauser is overly broad because it failed to limit the scope of the depositions to the issue of qualified immunity. If the court had carefully tailored its order to allow the parties to only uncover those facts necessary to rule on Davis' immunity defense, we would not have jurisdiction to rule on the order at this time. *See Lion Boulos*, 834 F.2d at 507 (orders allowing limited discovery not immediately appealable when district court unable to rule on the immunity defense without further clarification of facts and order narrowly tailored to uncover only those facts); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987) (discovery permissible if limited to a specific factual dispute regarding availability of qualified immunity defense).

Furthermore, the district court's subsequent attempt to justify its decision to require the depositions was ineffective to accomplish the appropriate goal. In its order granting a stay pending appeal of the October 15 Order, the district court explained that it "declined to address the defense of qualified immunity until after the depositions were taken, for the simple reason that the Court does not see how it can determine without discovery whether Davis engaged in the practices complained of, in his official capacity or as a private individual." This gratuitous statement failed, however, to limit discovery to the issue of whether Davis conducted his discussions with STEMCO in his official capacity or as a private citizen. Therefore, the October 15 Order remains overly broad.

## III. CONCLUSION

Accordingly, we conclude we have jurisdiction in this matter since the district court's order regarding discovery is overly broad. We therefore REVERSE and REMAND, so that the district court may either vacate its October 15 Order regarding the depositions of Davis and Steinhauser, or modify it by limiting the scope of the depositions to the issue of qualified immunity. In view of our disposition of this case, we do not address the many other issues raised by the parties in their briefs.