# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3348

_____

| | | |
|---|---|---|
| Daniel H. Nee, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| William Byrne, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   May 13, 2002

Filed:   May 29, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

After his termination as the head men's basketball coach for the University of Nebraska-Lincoln, Daniel H. Nee brought this diversity action against the University's athletic director, William Byrne, alleging Byrne defamed Nee and interfered with Nee's employment contract. In his answer, Byrne raised the affirmative defense of immunity under the Eleventh Amendment and Nebraska law. The alleged defamatory statements were not set forth in the complaint, and in June 2001, the magistrate judge ordered Nee "to disclose, specifically, each alleged false and untrue statement made by [Byrne] about [Nee]," identifying the nature of the statements and the language used, the person who heard the statement, and the date

and place made. The magistrate judge gave Nee eight days to comply, and set a filing deadline of September 14, 2001 for summary judgment motions related to affirmative defenses. Nee objected, and the district court[*] held the magistrate judge's order is clearly erroneous and contrary to law. In the district court's view, the order precluded Nee from conducting meaningful discovery about the defamation allegations. The court stated:

> After the parties have completed discovery, [Byrne] might conclude that these alleged defamatory statements were made in the scope of employment and thus the Eleventh Amendment might be a bar to suit. However, it is too early in the case, absent any discovery at all, to arrive at that conclusion. [Byrne] is free to raise motions regarding his affirmative defenses at the appropriate time. In that regard, on or about August 20, 2001, [Byrne] filed a motion for summary judgment in this case. I have likewise reviewed that motion, index of evidence and supporting brief. That motion is based in large measure on the required disclosures set forth in [the erroneous order]. Consequently, . . . I am going to deny the motion for summary judgment at this time, subject to reassertion after [Nee] has had sufficient time to conduct his discovery.

On appeal, Byrne challenges the district court's denial of summary judgment and the scope of discovery.

Before we may reach the merits, we must determine whether we have jurisdiction to consider Byrne's appeal. Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001). Generally, we may only hear appeals from final decisions of federal district courts. Id. A denial of summary judgment is usually not treated as final and cannot be immediately appealed. Id. Likewise, an order compelling discovery is generally considered interlocutory and not an appealable final judgment. Gaines v. Davis, 928 F.2d 705, 706 (5th Cir. 1991) (per curiam). Otherwise nonfinal orders may be deemed final under the collateral order doctrine, however, if the order "'(1) conclusively

---

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment.'" Krein, 250 F.3d at 1187 (quoting Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)).

Qualified immunity protects government officials serving in a discretionary capacity from liability for actions undertaken in their official capacity. Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). Immunity gives government officials both the right to avoid trial and to avoid pretrial burdens like discovery, which can disrupt governmental effectiveness. Behrens v. Pelletier, 516 U.S. 299, 308 (1996). Thus, denials of immunity are appealable under the collateral order doctrine. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). Also, because immunity shields government officials from discovery that is either avoidable or overly broad, Harlow, 457 U.S. at 817-18, immediate appeals are permitted from orders permitting discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense. Gaines, 928 F.2d at 707; Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989).

Here, the district court's denial of Byrne's motion for summary judgment based on immunity "at this time, subject to reassertion after . . . discovery" does not conclusively decide Byrne's entitlement to immunity, but merely delays a final decision on that issue. See Krein, 250 F.3d at 1188; Maxey, 890 F.2d at 283. Thus, we lack jurisdiction to consider the part of Byrne's appeal challenging the district court's denial of summary judgment. See Krein, 250 F.3d at 1186, 1188. Although the district court's order directing discovery to proceed is not a model of clarity, the order is clearly focused on the immunity issue and its early resolution. Indeed, at oral argument the parties told us the magistrate judge is developing a discovery program that will bring the immunity issue to the forefront for decision as soon as possible. The discovery order is thus not overly broad, and we lack jurisdiction to (and have no need to) correct it. Maxey, 890 F.2d at 283-84; Gaines, 928 F.2d at 707.

Accordingly, we dismiss for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.