# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1899

_____

Mary E. Petersen,                                    *
                                                     *
             Appellee,                               *
                                                     *   Appeal from the United States
    v.                                               *   District Court for the
                                                     *   District of South Dakota.
Tim Reisch, Secretary of the SD                      *
Department of Corrections;                           *
Duane Russell, Warden of the SD                      *
Women's Prison,                                      *
                                                     *
             Appellants.                             *

_____

Submitted: October 19, 2009
    Filed: November 4, 2009

_____

Before RILEY, HANSEN, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

Tim Reisch (Reisch) and Duane Russell (Russell) appeal the district court's[1] denial of their motion for summary judgment claiming qualified immunity. Mary E. Petersen (Petersen) filed this pro se lawsuit against Reisch and Russell alleging, among other things, Reisch and Russell were deliberately indifferent to her serious medical

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

needs. On March 20, 2008, the district court granted Petersen's motion for appointment of counsel and denied without prejudice her twelve other pending motions, including a motion to amend the pleadings, and allowed counsel to "re-file any motions having merit, together with a brief in support of the motion."

Reisch and Russell moved for summary judgment on April 23, 2008. Due to extraordinary family responsibilities, Petersen's first appointed counsel was unable to respond to the motion for summary judgment and no amended pleading was filed on Petersen's behalf. On March 17, 2009, another attorney was appointed to represent Petersen. Also on March 17 the district court, observing that substitute counsel had been appointed, ordered Petersen to file an amended complaint and defendants to file a corresponding answer, while in the "interest[] of justice," denying the defendants' motion for summary judgment without prejudice.

Reisch and Russell timely appealed to this court the denial of that part of their summary judgment motion asserting qualified immunity. On July 9, 2008, the Clerk of Court ordered Reisch and Russell to file a response addressing whether the district court's order denying, without prejudice, their motion for summary judgment and directing Petersen to file an amended complaint is an appealable order. Reisch and Russell filed their response on July 21, 2009. We remand for lack of appellate jurisdiction.

We have jurisdiction over appeals from all final decisions of the district courts embraced within our circuit, except where direct review may be had in the Supreme Court. See 28 U.S.C. § 1291. Reisch and Russell cite Mitchell v. Forsyth, 472 U.S. 511 (1985), for the proposition that "District Court orders denying motions for summary judgment based upon the defense of qualified immunity are appealable final decisions within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." In Mitchell, the Supreme Court held denials of qualified immunity, "to the extent that [the denial] turns on an issue of law," are immediately appealable

as an application of the collateral order doctrine.  See Mitchell, 472 U.S. at 526-30. The Mitchell court concluded the doctrine applied because, like absolute immunity, qualified immunity is effectively unreviewable if the case is erroneously permitted to go to trial.  See id. at 526-27.  Further, the Court held an "[a]ppealable interlocutory decision must satisfy two additional criteria: it must 'conclusively determine the disputed question,' and that question must involve a 'claim of right separable from, and collateral to, rights asserted in the action.'"  Id. at 527 (internal citations omitted).

Where, as here, the denial of a summary judgment motion based upon qualified immunity contemplates the filing of another such motion well before trial, Mitchell is not implicated.  The district court expressly did not "conclusively determine the disputed question" when it denied the motion without prejudice and ordered Petersen to amend her complaint, and Reisch and Russell to answer anew.  Qualified immunity is still reviewable and is not effectively lost with the denial of the defendants' motion because Reisch and Russell may file another similar motion after Petersen amends her complaint.  Unlike in Mitchell, where there were "simply no further steps that [could] be taken in the District Court to avoid the trial the defendant maintains is barred," the district court has essentially reset the litigation at the pleading stage.  Id. at 527.

The district court's rulings were administrative and equitable in nature, allowing Petersen's new counsel to clarify her pleading after which Reisch and Russell may pursue their same defenses, including qualified immunity.  The district court's order did not rest on any issue of law, see id. at 530, or resolve the qualified immunity question.  The district court's order was therefore not final within the meaning of 28 U.S.C. § 1291 and Mitchell.

Lacking jurisdiction, we remand the case to the district court.
_____

-3-