# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-2836

_____

Ecclesiastical Denzel Washington,

                   Appellee,

      v.

Matt Blunt; Larry Crawford; Lisa
Jones; Dave Dormire; Steve Long;
Wendell Enloe; Jay Cassady; Brad
Hall; Baslee; J. Lange; J. Caviness;
Lucreta R. Bright; Mike Kemna;
Stanley Swicord,

                   Appellants.

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 14, 2010
Filed: July 19, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ecclesiastical Denzel Washington is confined at the Jefferson City Correctional Center. Washington suffers from asthma. He filed a pro se complaint under 42 U.S.C. § 1983 alleging that certain named prison officials were, and continue to be,

deliberately indifferent to his serious medical needs by exposing him to dangerous levels of environmental tobacco smoke.

The parties filed cross-motions for summary judgment. The motions were referred to a magistrate judge[1] for a report and recommendation. The prison officials argued that they were entitled to qualified immunity because their conduct did not violate Washington's clearly established rights. The magistrate judge analyzed the qualified immunity issue and recommended that the district court deny the prison officials' motion for summary judgment. The magistrate judge noted that Washington was indigent and had been unable to secure expert medical testimony or scientific testing of his cell. The magistrate judge recommended that counsel be appointed to represent Washington in order to "determine what medical evidence is needed or what scientific testing should be obtained, and [counsel] could request the reopening of discovery for very limited and specified purposes." (Add. at 7.) The magistrate judge explicitly noted that he did not reach the merits of Washington's complaint. Each party filed written exceptions to the report and recommendation, and the district court[2] conducted a *de novo* review. The district court adopted the report and recommendation and provided a short additional explanation. The court was "not persuaded that exposing plaintiff to known triggers and then treating his symptoms is constitutionally adequate, if the triggers are sufficiently severe and present an unreasonable risk to his health or safety. And on that issue, there are genuine issues of material fact." (Add. at 1.) The district court ordered that counsel be appointed and given an opportunity to conduct limited discovery. It also stated that "defendants may seek leave to file a supplemental dispositive motion." (Add. at 1.)

---

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, acting pursuant to the Magistrate Act. 28 U.S.C. § 636.

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

The prison officials appeal, arguing that they are entitled to summary judgment on their claim of qualified immunity. Generally, our jurisdiction is limited to appeals from final decisions of federal district courts, 28 U.S.C. § 1291, and denials of summary judgment and orders compelling discovery are not appealable final judgments, Nee v. Byrne, 35 Fed. Appx. 296, 297 (8th Cir. 2002). The prison officials urge that we have jurisdiction pursuant to the collateral order doctrine. The collateral order doctrine does apply to some denials of qualified immunity on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (holding that a district court's denial of qualified immunity, "to the extent that it turns on a question of law," is a final order for purposes of § 1291). Such a denial, however, must fulfill three elements of the collateral order doctrine before we may exercise jurisdiction; the order must (1) conclusively determine a disputed question that is (2) completely distinct from the merits, and (3) would be effectively unreviewable if review were delayed until after final judgment. Nee, 35 Fed. Appx. at 297 (citing Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001)). In this case, the district court explicitly reserved to the prison officials the right to file a supplemental dispositive motion. Thus, the district court's order in this case does not conclusively decide the prison official's entitlement to immunity, and the collateral order doctrine does not apply. See id. (disclaiming jurisdiction of appeal from denial of summary judgment motion because denial "subject to reassertion" does not conclusively decide qualified immunity issue); Petersen v. Reisch, 585 F.3d 1091, 1093 (8th Cir. 2009) ("Where . . . the denial of a summary judgment motion based upon qualified immunity contemplates the filing of another such motion well before trial, Mitchell is not implicated.").

The prison officials correctly note that the purpose of qualified immunity is to protect government officials from the burdens of litigation and that discovery is one such major burden. See Behrens v. Pelletier, 516 U.S. 299, 308 (1996). The implication is that, though the qualified immunity issue is not conclusively determined, the officials will have nonetheless lost one of the major benefits of

qualified immunity.  We do not read the order appealed from, however, as providing for discovery relative to the merits of the case.  The magistrate's report and recommendation would have allowed counsel "to request the reopening of discovery for very limited and specified purposes."  (Add. at 1.)  The district court's order, adopting the report and recommendation, likewise refers to limited discovery.  Neither the magistrate judge nor the district court judge addresses the merits of the case.  Instead, both the report and recommendation and the order discuss the underlying claim only as it is relevant to resolving the issue of qualified immunity.  Given the context, we interpret the district court's order to be limited to that discovery sufficient to resolve the issue of qualified immunity.  Such discovery would not unfairly strip the prison officials of the benefits of their asserted qualified immunity.  As such, the collateral order doctrine does not apply, and we lack jurisdiction to hear the appeal.

Accordingly, the appeal is dismissed for lack of jurisdiction.

_____