**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JOSE ARROYO; HEATHER
BOEHM; SAMUEL CORDO; AMBER
MILLER,

    Plaintiffs - Appellees,

v.

DEREK MYERS,

    Defendant - Appellant,

and

ALEXANDER HALL; TIMOTHY
HOLCOMB; JOSHUA MOORE;
ANDREW PRIVETT; DUSTIN
ROSS; CHAD WEISE,

    Defendants.

No. 23-1137
(D.C. No. 1:21-CV-01687-CNS-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **EBEL**, and **ROSSMAN**, Circuit Judges.
_____

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Derek Myers appeals a district court order denying without prejudice his motion to dismiss, which asserted qualified immunity and failure to state a cognizable claim under *Bivens* v. *Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The appeal is DISMISSED for lack of appellate jurisdiction.

## I

This case arises from a botched training exercise conducted by the Bureau of Prisons at the Federal Correctional Complex Florence (FCCF) to simulate the facility's response to a hostage situation. Plaintiffs, employees of FCCF, sued several other employees[1] for their conduct during the exercise, alleging a *Bivens* claim for excessive use of force (Count I) and Colorado state law claims for intentional infliction of emotional distress (Count II) and civil conspiracy (Count III). The instant appeal concerns only one of the named defendants, Derek Myers, a BOP employee who was allegedly responsible for planning and facilitating the training exercise.

After the complaint was filed, the United States certified the defendants were acting within the scope of their employment with the Bureau of Prisons at the time of the events giving rise to the state law claims. This scope-of-

---

[1] Plaintiffs-appellees are Jose Arroyo, Heather Boehm, Samuel Cordo, and Amber Miller. Defendants are Derek Myers (appellant here), Alexander Hall, Timothy Holcomb, Joshua Moore, Andrew Privett, Dustin Ross, and Chad Weise.

employment determination by the United States, called a "Westfall certification" under 28 U.S.C. § 2679, permitted the government to substitute itself in place of the individual defendants on Counts II and III.

Mr. Myers moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As to plaintiffs' excessive force claim, Mr. Myers argued he was entitled to dismissal based on qualified immunity and for failure to state a cognizable *Bivens* claim. He also sought dismissal of the state law claims for lack of subject matter jurisdiction. Plaintiffs later voluntarily dismissed the state law claims (Counts II and III) against Mr. Myers. *See* Aplt. App. at 140. This dismissal meant the Westfall Act certification no longer applied to Mr. Myers, as the only remaining claim against him was plaintiffs-appellees' *Bivens* claim.

Plaintiffs moved to set aside the Westfall certification. After a hearing, the district court revoked the Westfall certification and ordered the state law claims to proceed individually against all defendants. This ruling did not apply to Mr. Myers, however, because those counts against him had been voluntarily dismissed. Defendants Privett, Hall, Moore, Holcomb, Ross, and Weise appealed the district court's ruling on the Westfall certification. *See* Appeal

Nos. 22-1307, 22-1309, and 22-1310.[2] Plaintiffs moved to stay the case until these interlocutory appeals were resolved. Mr. Myers opposed the stay. The motion was referred to a magistrate judge, and after briefing and argument, the stay was granted. The magistrate judge specifically rejected Mr. Myers's argument that the results of the Westfall appeals would have no bearing on the claim pending against him, reasoning "to accept that argument, the Court would need to ignore the practical reality that the allegations against Defendant Myers are tied in sum and substance to the claims against every other Defendant in this case." Aplee. App. at 91.

In a brief written order, the district court then denied without prejudice the defendants' motions to dismiss.[3] The district court first concluded the filing of the Westfall appeals "transfer[red] the matter from the district court to the court of appeals" and thus "divested [it] of jurisdiction" over the defendants' motions to dismiss. Aplt. App. at 154–55 (quoting *Garcia* v. *Burlington N.R. Co.*, 818 F.3d 713, 721 (10th Cir. 1987)). The district court also reasoned there would be "administrative benefits of resolving the issues that the dismissal

_____

[2] The codefendants' Westfall appeals were argued before this court the same day as this appeal and remain pending.

[3] The order concerned five pending motions to dismiss: one by the United States to dismiss counts II and III against defendants Privett, Hall, Moore, Holcomb, Ross, and Weise; one by Mr. Myers to dismiss count I; one by Hall and Moore to dismiss all counts; one by Holcomb, Ross, and Weise to dismiss all counts; and one by Privett to dismiss all counts.

motions present in a consistent, rather than piecemeal, fashion" and the without-prejudice denial was a permissible exercise of the court's "inherent power to manage its docket to achieve the orderly and expeditious disposition of cases." Aplt. App. at 155 (alterations and citations omitted). Finally, the district court acknowledged defendants "may, if they choose to do so, refile their motions to dismiss following the Tenth Circuit's decision regarding the pending appeals, the issuance of the attendant appellate mandate, and the lifting of the stay." Aplt. App. at 155.

Mr. Myers timely appealed the denial of his motion to dismiss. Appellees moved to dismiss for lack of appellate jurisdiction, making two principal arguments. First, "immediate appeal [under the collateral order doctrine] is appropriate only when the 'denial' of the qualified immunity claim 'turns on an issue of law,'" appellees explain, and here, the order on appeal did not address the merits of qualified immunity. Aplee. Br. on Mot. to Dismiss at 6 (quoting *Mitchell* v. *Forsyth*, 472 U.S. 511, 530 (1985)). Second, appellees argue the without-prejudice denial of Mr. Myers' motion to dismiss is not an appropriate subject for interlocutory review under the collateral order doctrine because it did not function to "'deny' any immunity to Mr. Myers" or subject him to any actual "burdens of litigation." *See* Aplee. Br. on Mot. to Dismiss at 9–10 (emphasizing "the case is stayed pending the outcome of the other defendants' appeals," once "the stay is lifted, the district court's order permits him to refile

his motion to dismiss," and "[i]n the meantime, Myers does not have to answer discovery requests, sit for a deposition, or do anything else"); *see also* Reply Br. on Mot. to Dismiss at 4–5.

After considering the parties' briefing and oral argument, we conclude this court lacks appellate jurisdiction. As we explain, the order on appeal does not finally determine either the action or a right separable from and collateral to the action, as it contained no merits ruling on qualified immunity and did not functionally deprive Mr. Myers of the right secured by qualified immunity. Accordingly, this appeal must be dismissed for want of appellate jurisdiction. *See Shields L. Grp., LLC* v. *Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1285 (10th Cir. 2024) ("[W]e conclude that we lack subject-matter jurisdiction . . . so the appeals must be dismissed."); § 3905 Jurisdictional Nature, 15A Fed. Prac. & Proc. Juris. § 3905 (3d ed.) ("An appeal from an order that cannot be characterized as final, nor fit within some alternative statutory basis of jurisdiction, must be dismissed[.]"); *see also In re Grand Jury Proc.*, 616 F.3d 1172, 1181 (10th Cir. 2010) (dismissing appeal because the court "d[id] not have jurisdiction to decide [the issue] on interlocutory appeal").

## II

This court has "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. For appellate jurisdiction to attach under § 1291, there must be a decision that "ends the

litigation on the merits and leaves nothing for the court to do but execute the judgment." *See Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin* v. *United States*, 324 U.S. 299, 233 (1945)). "Every appellant bears the burden of proving appellate jurisdiction by demonstrating the finality of the challenged decision or identifying a specific grant of jurisdiction." *C.W. ex rel. B.W.* v. *Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1220 (10th Cir. 2021) (quoting *Zen Magnets, LLC* v. *Consumer Prod. Safety Comm'n*, 968 F.3d 1156, 1164 (10th Cir. 2020)). Typically, a "final decision" requires a final judgment; however, a small class of pre-judgment orders are immediately appealable under the collateral order doctrine because they "finally determine claims of right separable from, and collateral to, rights asserted in the action." *Cohen* v. *Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

The collateral order doctrine can permit interlocutory review of an order that "finally determine[s]" a government official's claim of qualified immunity, because the official has a right at stake that is "separable" from the rights asserted in the action. *See Mitchell*, 472 U.S. at 524 (quoting *Cohen*, 337 U.S. at 546). This separable right is the defendant's "entitlement not to stand trial or face the other burdens of litigation." *Mitchell*, 472 U.S. at 526.

Immediate review of an order on qualified immunity is thus appropriate in only two scenarios: (1) when the order denying qualified immunity "turns on an issue of law," *id.* at 530; or (2) when the lower court's failure to explicitly

rule on qualified immunity "operate[s] as an implicit denial" of that defense, *see Montoya* v. *Vigil*, 898 F.3d 1056, 1063 (10th Cir. 2018). In both circumstances, the rationale for immediate review is that the order would be "effectively unreviewable" outside the interlocutory posture. *See Mitchell*, 472 U.S. at 527; *see also Workman* v. *Jordan*, 958 F.2d 332, 335–36 (10th Cir. 1992) (accepting defendants' arguments that unless a delay in ruling on qualified immunity were "immediately appealable, defendants w[ould] lose their right to be free from the burdens of pretrial discovery and trial," which cannot be remedied by later review).[4]

In the first scenario, the appealable issue for interlocutory review must be "a purely legal one: whether the facts alleged . . . support a claim of violation

---

[4] Though we have yet to speak on the issue directly, our sister circuits have held that, for the collateral order doctrine to permit review of an order denying qualified immunity, the appellant must actually raise the denial of qualified immunity as an issue on appeal. *See Himmelreich* v. *Fed. Bureau of Prisons*, 5 F.4th 653, 661 (6th Cir. 2021) ("Where a defendant has not appealed the denial of qualified immunity, the appellate court does not have jurisdiction under the collateral order doctrine to address an underlying claim."); *see also Graber* v. *Doe II*, 59 F. 4th 603, 610 (3d Cir. 2023), *cert. denied sub nom. Boresky* v. *Graber*, 144 S. Ct. 681 (2024) (adopting *Himmelreich*).

It is not at all clear Mr. Myers has raised qualified immunity as a merits issue, *see* Opening Br. at 3, but we need not consider this possible deficiency. Jurisdiction is lacking in any event because, as we explain, the district court's order did not deny qualified immunity on the merits or function as a *de facto* denial of qualified immunity by subjecting Mr. Myers to the burdens of litigation.

of clearly established law." *Johnson* v. *Jones*, 515 U.S. 304, 313 (1995) (quoting *Mitchell*, 472 U.S. at 528 n.9); *see also Reavis ex rel. Est. of Coale* v. *Frost*, 967 F.3d 978, 984 (10th Cir. 2020) (noting interlocutory review is available for a denial of a summary judgment motion raising qualified immunity but only to review whether the defense applies as a legal matter) (citing *Mitchell*, 472 U.S. at 528 n.9).

In the second scenario, a district court's silence on the issue can mean an "implicit denial" of qualified immunity, but generally only when litigation is ongoing and denial of immediate appellate review would subject the defendant to the burdens of litigation.[5] *See Montoya*, 898 F.3d at 1063; *see also Mitchell*, 472 U.S. at 526 (observing a "major characteristic" of an order to which the collateral order doctrine applies "is that 'unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all'" (quoting *Stack* v. *Boyle*, 342 U.S. 1, 12 (1952) (opinion of Jackson, J.))); *see also Workman*, 958 F.2d at 336 (permitting interlocutory review when defendant explicitly raised

---

[5] The burdens of litigation are the burdens of "standing trial" and the burdens of "such *pretrial* matters as discovery." *Behrens* v. *Pelletier*, 516 U.S. 299, 308 (1996) (citations omitted). We have not identified—and Mr. Myers has not provided—any authority to suggest trepidation at the prospect of future litigation is one of the "burdens of litigation" animating the doctrine of qualified immunity.

qualified immunity, the district court postponed a decision on qualified immunity, and litigation was ongoing).

### III

The order before us—the denial of a motion to dismiss without prejudice—is not a "final decision" under 28 U.S.C. § 1291. *See Cohen*, 337 U.S. at 546 (noting § 1291 does not "permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge"); *see also Bledsoe* v. *Vanderbilt*, 934 F.3d 1112, 1121 (10th Cir. 2019) (observing "[t]he denial of a Rule 12(b)(6) motion to dismiss is not a final order" and therefore does not provide an independent basis for interlocutory appeal (quoting *Kaminski* v. *Coulter*, 865 F.3d 339, 344 (6th Cir. 2017))).

As Mr. Myers acknowledges, appellate jurisdiction exists in this case only if the collateral order doctrine applies. *See* Opening Br. at 2. According to Mr. Myers, the collateral order doctrine permits appellate review here because the order on his motion to dismiss "involv[ed] issues of qualified immunity." Resp. Br. on Mot. to Dismiss at 7.

This argument misunderstands the law. The district court's two stated reasons for denying Mr. Myers's motion to dismiss were (1) the district court was divested of jurisdiction over the cases until the pending Westfall appeals

were resolved;[6] and (2) administrative efficiency and docket management would be optimized by deciding Mr. Myers' motion to dismiss at the same time as the other motions. Aplt. App. at 154–55. As appellees persuasively argue, the order on appeal was neither a final legal determination on qualified immunity nor an implicit denial of qualified immunity that would be effectively unreviewable if not considered now. *See* Aplee. Br. on Mot. to Dismiss at 2. To conclude otherwise would vitiate the jurisdictional prerequisites of a final determination and a ruling on a legal issue. *See Mitchell,* 472 U.S. at 530; *see also Cohen*, 337 U.S. at 546 (explaining the collateral order exception permits interlocutory review of a "small class" of decisions that are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

---

[6] The district court determined that, as to the defendants with pending interlocutory appeals, the filing of those appeals had "transfer[red] the matter from the district court to the court of appeals" and "divested" it of jurisdiction to consider the motions. Aplt. App. at 154–55 (quoting *Garcia* v. *Burlington N.R. Co.*, 818 F.3d 713, 721 (10th Cir. 1987)). It is true that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those *aspects of the case involved in the appeal.*" *Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). The Westfall appeals could not have affected the district court's jurisdiction as to the claim against Mr. Myers, however, because counts II and III (to which the Westfall certification would apply) had been voluntarily dismissed. But this flaw in the district court's reasoning—which no party has raised on appeal—does not affect our disposition.

We find the analysis in *Petersen* v. *Reisch* instructive. *See* 585 F.3d 1091, 1093 (8th Cir. 2009). In *Petersen*, the plaintiff filed an Eighth Amendment claim *pro se* against two corrections officials alleging deliberate indifference to a serious medical need. *Id.* at 1092. The defendants moved for summary judgment based in part on qualified immunity. *Id.* The district court denied the motion without prejudice "in the interest of justice" because plaintiff's newly appointed counsel had not yet filed an amended complaint. *See id.* (alterations omitted). The district court allowed defendants to re-file their motion raising qualified immunity once plaintiff had amended her complaint. *Id.*

Defendants attempted to appeal the without-prejudice denial of their motion for summary judgment, but the Eighth Circuit held the collateral order doctrine did not provide appellate jurisdiction under the circumstances. Because the district court did not "conclusively determine the disputed [legal] question," and the denial "contemplate[d] the filing of another such motion well before trial," the court of appeals reasoned, *Mitchell* was "not implicated." *Id.* (internal quotations omitted). "Unlike in *Mitchell*, where there were 'simply no further steps that [could] be taken in the District Court to avoid the trial the defendant maintain[ed] was barred,'" the court explained, "qualified immunity [was] still reviewable and [was] not effectively lost with the denial of the defendants' motion" because they could "file another similar motion after

12

Peterson amend[ed] her complaint." *Id.* (quoting *Mitchell*, 472 U.S. at 527). The collateral order doctrine, therefore, did not provide a basis for appellate jurisdiction.

So too here. The district court's decision to deny the motions to dismiss without prejudice to serve the ends of administrative efficiency was not a ruling on the merits of qualified immunity. *Cf. Johnson*, 515 U.S. at 313 (describing that *Mitchell* limited the class of proper appeals of the denial of qualified immunity to those that present a "purely legal [question]: whether the facts alleged . . . support a claim of violation of clearly established law" (quoting *Mitchell*, 472 U.S. at 528 n.9)). And the district court contemplated the re-filing of the motions to dismiss at a specified future time (when the Westfall appeals in the related cases are decided), so this is not a situation where the district court's order is properly understood as a *de facto* merits denial. *See* Aplt. App. at 155.[7]

---

[7] The authorities cited by Mr. Myers are readily distinguishable. *See Montoya* v. *Vigil,* 898 F. 3d 1056, 1064 (10th Cir. 2018) (reviewing the denial of qualified immunity on a malicious prosecution claim when the district court had ruled the conduct violated clearly established law); *Pueblo Neighborhood Health Ctrs., Inc.* v. *Losavio,* 847 F.2d 642, 644–45 (10th Cir. 1988) (reviewing a denial of qualified immunity when the district court had ruled under an incorrect interpretation of the relevant legal standard); *Nero* v. *Mosby,* 890 F.3d 106, 116–17, 123 (4th Cir. 2018) (reviewing a denial of absolute immunity on a malicious prosecution claim when the district court had ruled as a matter of law); *X-Men Sec., Inc.* v. *Pataki,* 196 F.3d 56, 66–67 (2d Cir. 1999) (reviewing

Notwithstanding his contrary assertion, Mr. Myers is not subject to any litigation burdens—indeed, his case is stayed.[8] As the appellees observe, the only actual litigation burden currently imposed on Mr. Myers is of his own making—litigating this appeal.[9] Reply Br. on Mot. to Dismiss at 2.

---

a denial of qualified immunity "only to the extent that the district court has denied the qualified-immunity motion as a matter of law").

[8] Again, the authorities cited by Mr. Myers are not particularly helpful to his position. The orders in those cases, unlike the one before us, imposed actual litigation burdens on the appellant (such as standing trial or responding to discovery). *See Hill* v. *Dep't of Air Force,* 884 F.2d 1318, 1320 (10th Cir. 1989) (litigation was ongoing); *Tillmon* v. *Douglas Cnty.,* 817 F. App'x 586, 588–89 (10th Cir. 2020) (same); *Workman,* 958 F.2d at 335–36 (same); *Jenkins* v. *Medford,* 119 F.3d 1156, 1159 (4th Cir. 1997) (same); *Summers* v. *Leis,* 368 F. 3d 881, 886 (6th Cir. 2004) (litigation was ongoing and "even though the defendant-appellant [was] free to renew his motion later, he would in the meantime be forced to go through a large part of the litigation process") (internal quotations omitted); *Howe* v. *City of Enterprise,* 861 F.3d 1300, 1302–03 (11th Cir. 2017) (order required parties to confer and develop a discovery plan before district court ruled on qualified immunity); *Skousen* v. *Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002) (order required defendant to complete discovery before re-asserting qualified immunity); *Bouchard Transp. Co.* v. *Fla. Dep't of Env't Prot.,* 91 F.3d 1445, 1447–49 (11th Cir. 1996) (order required parties to engage in mediation without first addressing qualified immunity).

[9] Mr. Myers asserted at oral argument the "burdens" of litigation now upon him are the expenses of paying his attorney to check PACER to "see if [a new docket entry] applies to [him]" and answering his calls asking for updates on the status of the case. *See* Oral Arg. at 4:30–4:50. As the panel expressed at argument, these expenses cannot be characterized as the sort of "meaningful" burden implicating the purpose of the qualified immunity doctrine. *See* Oral Arg. at 4:50–5:02.

14

In sum, we lack appellate jurisdiction. The district court's order was not a final order under 28 U.S.C. § 1291, because it was neither a final judgment nor a final determination on the merits of qualified immunity within the collateral order exception. It was also not an implicit denial of qualified immunity that would subject Mr. Myers to the burdens of ongoing litigation absent immediate appellate intervention, and it was accompanied by a stay. Because we lack jurisdiction to review the district court's order, we cannot reach the merits of Mr. Myers' argument that plaintiffs-appellees failed to state a cognizable *Bivens* claim. *See Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("For a court to [rule] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

### IV

Appellees' motion to dismiss the appeal is GRANTED.

ENTERED FOR THE COURT

Veronica S. Rossman
Circuit Judge

15