United States Court of Appeals, Eleventh Circuit.

No. 95-2192.

In the Matter of the Complaint of BOUCHARD TRANSPORTATION CO., etc. for exoneration from or limitation of liability as owner of the Tug Capt. Fred Bouchard and the Barge B No. 155, Plaintiffs-Appellees,

v.

FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Claimant-Appellant.

In the Matter of the Complaint of MARITRANS OPERATING PARTNERS L.P., etc. for exoneration from or limitation of liability as owner of the Tug Seafarer and the Barge Ocean 255, Plaintiffs-Appellees,

v.

FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Claimant-Appellant.

In the Matter of the Complaint of TSACABA SHIPPING CO., INC., etc. for exoneration from or limitation of liability as owner of the M/V Balsa 37, Plaintiffs-Appellees,

v.

FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Claimant-Appellant.

Aug. 20, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-1321-CIV-T-23), Steven D. Merryday, Judge.

Before COX and BARKETT, Circuit Judges, and BRIGHT[*], Senior Circuit Judge.

PER CURIAM:

The Florida Department of Environmental Protection ("DEP") appeals the district court's order overruling its objection to court-ordered mediation with the vessel owners who filed these consolidated limitation actions. The district court either

---

[*]Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

declined to rule or deferred ruling on various motions in which DEP argued it was entitled to Eleventh Amendment immunity, and ordered DEP to mediate. We conclude that the district court erred in ordering DEP to mediate without first addressing the Eleventh Amendment issue.

I. Background

On August 10, 1995, two tug-barge flotillas and a freighter were involved in a collision near Tampa Bay, resulting in the spill of petroleum products into Florida's navigable waters.[1] The owners of the flotillas, Bouchard Transportation Company ("Bouchard") and Maritrans Operating Partners, L.P., ("Maritrans"), and the owner of the freighter, Tsacaba Shipping Company ("Tsacaba"), separately filed limitation of liability actions pursuant to the Limitation of Liability Act, 46 U.S.C.App. §§ 181 to 189 (1994). The district court enjoined litigation then pending against the vessel owners, and ordered that all persons with claims against the vessel owners be given notice to file their claims in the limitation actions by a certain date, or face default. *See* FED.R.CIV.P., Supplemental Rules for Admiralty and Maritime Claims, Rule F. DEP, a state agency which claims the authority to pursue oil pollution claims on behalf of the state, was served with notice in all three limitation actions.

DEP filed answers and affirmative claims for relief under the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 to 2761 (1994), and the Pollutant Spill Prevention and Control Act, FLA.STAT.ANN. §§

---

[1]The parties dispute whether there was contact between all three vessels, and whether there were actually two collisions.

376.011 to 376.21 (West 1988), in all three limitation actions. Bouchard and Maritrans filed counterclaims against DEP. DEP then moved to dismiss the Bouchard and Maritrans limitation actions and counterclaims, arguing that the Eleventh Amendment prevents the vessel owners from haling DEP into federal court.[2] DEP also raised Eleventh Amendment immunity in the Bouchard and Maritrans actions through motions for protective orders and for stay of discovery.

Without ruling on DEP's motions to dismiss, the district court consolidated the three limitation actions and ordered the parties to participate in mediation for two months. DEP filed motions in all three limitation actions objecting to the court-ordered mediation on Eleventh Amendment grounds. The district court overruled DEP's objections, noting that the vessel owners appeared eager to settle the claims against them, and holding that the court had inherent power to order mediation. DEP filed this appeal from the district court's order overruling its objections to mediation.

II. Jurisdiction

The vessel owners moved to dismiss this appeal for lack of jurisdiction. A motions panel of this court held that the district court's order compelling DEP to participate in mediation was immediately appealable, and we agree. *See* 11th Cir.R. 27-1(f) (ruling of a motions panel is not binding on panel to which case is assigned for disposition on merits). DEP argues that we have jurisdiction over this appeal because the district court's order rejected its assertion of Eleventh Amendment immunity. *See Puerto*

---

[2] In its motions to dismiss, DEP also requested permission to withdraw its claims against Bouchard and Maritrans.

*Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993) (holding that a court of appeals has jurisdiction under 28 U.S.C. § 1291 to hear prior to final judgment an appeal by a state entity claiming to be an "arm of the state" from a district court order denying Eleventh Amendment immunity); *Schopler v. Bliss,* 903 F.2d 1373, 1377 (11th Cir.1990) (same). We agree with the vessel owners that the order did not address Eleventh Amendment immunity. In the order, the court declined to address the merits of pending motions, which included DEP's motions to dismiss on Eleventh Amendment grounds, deferring consideration to a later time.

Even though the district court deferred a ruling on Eleventh Amendment immunity, we have jurisdiction to review the court's order directing DEP to mediate. *See Collins v. School Bd. of Dade County,* 981 F.2d 1203, 1205 (11th Cir.1993) (holding that an order declining to rule on qualified immunity pending trial is immediately appealable). Like a public official's qualified immunity, a state's Eleventh Amendment immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (holding that a court of appeals has jurisdiction under 28 U.S.C. § 1291 to hear prior to final judgment an appeal from a district court order denying a claim of qualified immunity); *Puerto Rico,* 506 U.S. at 143-44, 113 S.Ct. at 687 (citing *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815). The order thus effectively denied DEP the right not to participate in this litigation. *See Collins,* 981 F.2d at 1205.

III. Discussion

As we have noted, the district court did not address whether DEP was entitled to Eleventh Amendment immunity in the mediation order, and we decline to exercise our discretion to address this issue for the first time on appeal. *See Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1532 (11th Cir.1994) (declining to address an issue that was raised in the district court but not addressed by the district court), *cert. denied,* --- U.S. ----, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995). DEP's second argument is that the district court erred by ordering it to mediate before ruling on its motions raising the defense of Eleventh Amendment immunity.[3] The vessel owners argue that ordering mediation before ruling on the complex Eleventh Amendment immunity question served the important policies of encouraging settlements, conserving judicial resources, and lowering the cost of litigation. Whether the district court erred in reserving a ruling on Eleventh Amendment

---

[3]In its initial brief, DEP took the position that the district court ruled on and denied Eleventh Amendment immunity in the mediation order, and it is a close question whether DEP's initial brief raises the argument that the district court erred by reserving a ruling on its Eleventh Amendment immunity defense. Generally, issues not discussed in a party's initial brief are deemed waived, but we construe briefs liberally in determining the issues raised on appeal. *Allstate Ins. Co. v. Swann,* 27 F.3d 1539, 1542 (11th Cir.1994).

The vessel owners took the position in their briefs that the district court reserved ruling on Eleventh Amendment immunity in the mediation order, but they argued that it was not error for the court to do so. DEP first clearly advanced the theory that the district court erred by reserving a ruling at oral argument. But DEP implicitly raised this issue in its initial brief by arguing that the Eleventh Amendment deprived the district court of subject matter jurisdiction to enter the mediation order. Thus, DEP has not waived this argument.

immunity is an issue involving the district court's supervision of litigation, and decisions on such issues are generally committed to the sound discretion of the district court. *See Pierce v. Underwood,* 487 U.S. 552, 559 n. 1, 108 S.Ct. 2541, 2547 n. 1, 101 L.Ed.2d 490 (1988) (stating that issues involving the district court's supervision of litigation are commonly reviewed under an abuse of discretion standard). Thus, we review the district court's order overruling DEP's objections to mediation for an abuse of discretion.

The nature and purposes of Eleventh Amendment immunity suggest that it is a threshold issue. While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue *sua sponte, Patsy v. Board of Regents,* 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 2567-68 n. 19, 73 L.Ed.2d 172 (1982), the Court has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar. *Edelman v. Jordan,* 415 U.S. 651, 677-78, 94 S.Ct. 1347, 1362-63, 39 L.Ed.2d 662 (1974) (holding that Eleventh Amendment immunity may be raised for the first time on appeal). The fact that Eleventh Amendment immunity, like qualified immunity, is a right to be free from the burdens of litigation also suggests that it should be decided at an early stage. *See Puerto Rico,* 506 U.S. at 143-44, 113 S.Ct. at 687 (citing *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815). Finally, the Eleventh Amendment is a recognition that the states retain certain attributes of sovereignty, and one of its purposes is to protect states from the indignity of being haled into federal court by private litigants. *Puerto Rico,* 506 U.S. at 146, 113 S.Ct. at

689.  This purpose is not served when a ruling on Eleventh Amendment immunity is unnecessarily postponed.

We hold that where, as here, the Eleventh Amendment question presented is a purely legal one, the district court abuses its discretion by reserving a ruling on immunity and ordering the parties to mediate.[4]  In this case, the district court reasoned that its inherent powers authorized ordering the parties to mediate.[5]  While a district court's inherent powers may be exercised when necessary to manage the court's affairs, they may not be exercised with disregard to constitutional concerns.  *See In re Novak,* 932 F.2d 1397, 1406 n. 17 (11th Cir.1991) (stating that inherent powers may not be exercised in contravention of statute or rule).  The mediation ordered by the district court was not necessary to resolve the Eleventh Amendment issue presented by DEP's motions, and was inconsistent with DEP's alleged right not to participate in this litigation.[6]

---

[4]Maritrans also argues that the district court did not err in ordering DEP to mediate in the Maritrans limitation action because DEP did not move to dismiss that case on Eleventh Amendment grounds.  But DEP filed objections to mediation on Eleventh Amendment grounds in all three limitation actions, thus adequately raising the issue in the district court.

[5]The district court cited *In re Novak,* 932 F.2d 1397 (11th Cir.1991) for this proposition.  (R. 3-133 at 2.)  *Novak* holds that the district court's inherent powers include "the power to issue orders necessary to facilitate activity authorized by statute or rule."  932 F.2d at 1406.  Local Rule 9.01 for the Middle District of Florida authorizes the court to refer parties to mediation for the purpose of encouraging settlement. M.D.Fla.R. 9.01.

[6]Neither party has suggested that discovery is needed before the Eleventh Amendment issue in this case is addressed.  We have no occasion to consider whether the district court may enter other preliminary orders, including orders relating to discovery, before ruling on a claim of Eleventh Amendment immunity.

We vacate the district court's order overruling DEP's objections to mediation, and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.