[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10987
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:05-cv-01463-JDW-TBM

KAREN E. KEELER,

                                                            Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF HEALTH,
Division of Disability Determinations,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 24, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Karen Keeler appeals pro se the district court's dismissal of her amended complaint for lack of subject matter jurisdiction. Keeler's complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against her former employer, the Florida Department of Health ("the Department"), and the district court dismissed Keeler's FLSA claims based on Eleventh Amendment immunity. Keeler argues on appeal that: (1) the Eleventh Amendment does not bar her suit because Congress abrogated sovereign immunity in enacting the FLSA; and (2) even if immunity was not abrogated, Florida waived its sovereign immunity by receiving federal funding for the Department of Health.[1] After careful review, we affirm.

The district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is a question of law we review

---

[1] Keeler also raises, for the first time on appeal, arguments that (1) the district court improperly decided that the relief she sought was only for monetary damages, and she did not seek injunctive relief; (2) the district court erred by deciding her case before reading her complaint; and (3) the district court improperly failed to transfer her case to the state court when it became clear that the district court had no jurisdiction over her case. As Keeler failed to raise these arguments below, they have not been preserved for this appeal and are not proper before this Court. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that we will not consider an issue not raised in the district court and raised for the first time in an appeal); see also Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that although we are required to liberally construe a pro se pleading, issues not raised in the district court are deemed waived).

de novo.  Estate of Amergi ex rel. Amergi v. Palestinian Authority, 611 F.3d 1350, 1356 (11th Cir. 2010).

We are unpersuaded by Keeler's arguments that the Eleventh Amendment does not bar her claim because Congress abrogated state sovereign immunity in enacting the FLSA, or in the alternative, that Florida waived its sovereign immunity by receiving federal funding.  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  This immunity has long been interpreted by the Supreme Court to extend to suits in which a state is being sued by its own citizen.  Hans v. Louisiana, 134 U.S. 1 (1890).  While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue sua sponte, it has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar.  Bouchard Transp. Co. v. Florida Dept. of Environmental Protection, 91 F.3d 1445, 1448 (11th Cir. 1996).

Section Five of the Fourteenth Amendment provides that "Congress shall have power to enforce, by appropriate legislation, the provisions [thereunder]."  U.S. Const. amend. XIV, § 5.  The Supreme Court has held that the latter provision allows Congress to abrogate a state's sovereign immunity for the purpose of enforcing

3

substantive rights guaranteed by the Fourteenth Amendment. See Tennessee v. Lane, 541 U.S. 509, 518 (2004).

The Department is an instrument of the State of Florida that is generally protected by the Eleventh Amendment. In Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dept. of Health & Rehab. Servs., 225 F.3d 1208 (11th Cir. 2000), we vacated a district court order against the Florida Department of Health because the Eleventh Amendment protected the Department from suit. Id. at 1226. And in Gamble v. Fla. Dept. of Health & Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986), we held that the Florida Department of Health was a state agency protected by the Eleventh Amendment. Id. at 1511.

However, Eleventh Amendment protections do not apply if Congress abrogated the state's immunity through proper legislation under § 5 of the Fourteenth Amendment, or where the state has waived sovereign immunity. To find that Congress abrogated state sovereign immunity, we must determine "first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000). A valid exercise of congressional power to abrogate state immunity can only be done using § 5 of the Fourteenth Amendment. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73

4

(1996) (holding that Congress may not abrogate state immunity under its Article I powers).

The FLSA was enacted under Congress's Article I commerce power. 29 U.S.C. § 202. Article I commerce power refers to Congress's power to regulate interstate commerce. U.S. Const. art. I, § 8, cl. 3. The enforcement provisions of § 216(b) of the FLSA contain the following abrogation provision, upon which Keeler relies: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

In 1998, this Court extended Seminole Tribe to suits against state employers under the FLSA. The case, Powell v. Florida, 132 F.3d 677 (11th Cir. 1998), involved an employee, like Keeler, suing a department of Florida for FLSA violations. Id. at 678. We held, citing Seminole Tribe, that "[t]he district court properly dismissed the claim for unpaid overtime wages based on the State's Eleventh Amendment immunity." Id.

One year later, the Supreme Court provided further clarification of the Eleventh Amendment, sovereign immunity, and the FLSA. In Alden v. Maine, 527 U.S. 710 (1999), a state employee filed suit in state court alleging violations of the FLSA. Id.

at 711-12. The Court determined that sovereign immunity applied, holding that sovereign immunity protected a state from suit in its own courts under a federal law, such as the FLSA, enacted under Congress's Article I power. Id.; see also Kimel, 528 U.S. at 91 (holding that the abrogation provisions of § 216(b) of the FLSA, adopted by the Age Discrimination in Employment Act, did not properly abrogate state sovereign immunity, despite a clear intent by Congress to do so, because they were not enacted under § 5 of the Fourteenth Amendment).

Pursuant to its spending power under Article I, Congress may condition the expenditures of federal funds on a state's waiver of sovereign immunity if the condition is unambiguous. Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 344 F.3d 1288, 1293 (11th Cir. 2003). However, "mere receipt of federal funds" is insufficient to show that a state has waived its sovereign immunity. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246-47 (1985), superseded by statute on other grounds.

Reading Powell, Alden, and Kimel together, it is clear that the abrogation provisions of the FLSA, though explicitly intending to abrogate sovereign immunity, were not a valid exercise of congressional power, as they were not enacted under § 5 of the Fourteenth Amendment. Consequently, the Eleventh Amendment bars Keeler's suit under the FLSA, and the district court did not abuse its discretion in

6

dismissing Keeler's complaint for lack of subject matter jurisdiction based on the Department's entitlement to Eleventh Amendment immunity.

Moreover, Florida did not waive its sovereign immunity by receiving federal funds. The FLSA was enacted under Congress's Commerce Clause power; thus, it did not invoke the spending power and concomitant federal expenditures waiving sovereign immunity. 29 U.S.C. § 202. Except for the invalidated abrogation provisions in § 216(b) of the FLSA, nowhere else does the FLSA refer to the Eleventh Amendment or provide any other unambiguous waiver of sovereign immunity. 29 U.S.C. §§ 201-219. Accordingly, Florida's acceptance of federal funds did not constitute a waiver of sovereign immunity as a matter of law. See Atascadero, 473 U.S. at 246-47.

**AFFIRMED.**