[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11453
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00113-JA-SRW


JEFFREY PAUL HOWE,

Plaintiff-Appellee,

versus

CITY OF ENTERPRISE,
a municipal Corporation,
BERNEY PARTRIDGE,
an individual, in his individual capacity,
THOMAS ARIAS,
an individual, in his individual capacity,
THOMAS D. JONES,
an individual, in his official, individual,
supervisory capacity and as a policy maker,
JASON ANDERSON,
an individual, in his individual, supervisory
capacity and as a policy maker,
THOMAS T. BRAUN,
an individual, in his individual, supervisory
capacity and as a policy maker,
JEFFREY SPENCE,
an individual, in his individual supervisory
capacity and as a policy maker,

LENNIS DARBY,
an individual, in his individual, supervisory
capacity and as a policy maker,
CHRIS HURLEY,
an individual, in his individual, supervisory
capacity and as a policy maker,
RICHARD HAUSER,
an individual, in his individual supervisory
capacity and as a policy maker,

                                                                Defendants-Appellants,

 BURFORD ROBERTS,
an individual, in his individual capacity,

                                                                Defendant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 6, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jeffrey Howe filed this lawsuit against the City of Enterprise, Berney

Partridge, Tomas Arias, Jason Anderson, Chris Hurley, Richard Hauser, and

Thomas Jones after Enterprise police officers Partridge and Arias shot him.  He

asserted claims under 42 U.S.C. § 1983 for violations of his Second, Fourth, and

Fourteenth Amendment rights.  He also asserted federal and state law claims for

malicious prosecution.  The defendants filed a motion to dismiss for failure to state

2

a claim under Federal Rule of Civil Procedure 12(b)(6) and asserted federal and state law immunity, and in response Howe filed an amended complaint. In that amended complaint, Howe asserted the same claims raised in his initial complaint along with additional state law claims for assault, battery, excessive force, trespass, negligence, wantonness, and unlawful seizure.

After Howe filed that amended complaint, the defendants again filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, asserting qualified immunity and state law sovereign immunity. In his response in opposition to that motion, Howe conceded that "to the extent any of [his] claims allege liability against the Defendants under the Fourteenth Amendment of the United States Constitution," those claims "as stated anywhere in the [amended] Complaint" were due to be dismissed. Howe also conceded away his state law negligence, wantonness, and unlawful seizure claims. After the parties had fully briefed the defendants' second motion to dismiss, the district court on March 31, 2016, entered an order that did two things. First, it denied without prejudice the defendants' second motion to dismiss and instructed Howe to file a second amended complaint clarifying which claims he had not conceded. Second, it instructed the parties to "confer and develop a proposed discovery plan pursuant to [Federal Rule of Civil Procedure] 26(f)," setting deadlines by which the parties were to develop and file their Rule 26(f) report.

The defendants now appeal the district court's order denying their second motion to dismiss and instructing them to develop and file their Rule 26(f) report. Howe contends that we lack jurisdiction to consider the order because it is not appealable as a "final decision" under 28 U.S.C. § 1291. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985). Our jurisdiction in this case turns on whether the district court's order denying without prejudice the defendants' second motion to dismiss and directing the parties to confer and file a report under Rule 26(f) was, in effect, a "denial of a claim of qualified immunity." Id.

The defendants point to two cases in which we held that we had jurisdiction to review district court orders that reserved ruling on a defendant's claim to immunity. See Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445 (11th Cir. 1996); Collins v. Sch. Bd., 981 F.2d 1203 (11th Cir. 1993). Both of those cases involved district court orders that required the defendants, who had asserted qualified or sovereign immunity, to further litigate the underlying merits of the lawsuit without having first received a ruling as to their immunity.

4

Bouchard Transp. Co., 91 F.3d at 1447 (addressing a district court's order instructing the parties to mediate the claims and deferring ruling on the defendants' entitlement to immunity until after mediation had taken place); Collins, 981 F.2d at 1204–05 (addressing a district court's decision to reserve "pending the trial" a ruling on the defendants' qualified immunity defenses).

In both of those decisions we reasoned that by requiring the defendants to further defend from liability while the immunity issue remained pending, the district court had effectively denied immunity, which provides "an entitlement not to stand trial or face the other burdens of litigation." Bouchard Transp. Co., 91 F.3d at 1448 (quoting Mitchell, 472 U.S. at 526, 105 S. Ct. at 2815); Collins, 981 F.2d at 1204–06; see Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991) ("[B]ecause '[t]he entitlement is an immunity from suit rather than a mere defense to liability,' we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (second alteration in original) (citation omitted) (quoting Mitchell, 472 U.S. at 526, 105 S. Ct. at 2815).

In the present case, the district court's order not only reserved ruling on the defendants' claims to immunity until after Howe filed a second amended complaint, it also instructed the parties to confer and develop their Rule 26(f) report. Under Rule 26(f), the parties must confer and develop a proposed

discovery plan, and "[i]n conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case . . . ." Fed. R. Civ. P. 26(f)(2) (emphasis added). The part of the order requiring the parties to confer and discuss settlement before the court ruled on the defendants' motion to dismiss on immunity grounds is inconsistent with our decision in Bouchard Transportation. And the part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with Bouchard Transportation and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.

The district court's order of March 31, 2016, is vacated except to the extent that it denies without prejudice the motion to dismiss on immunity grounds and directs Howe to amend his complaint again. After Howe has filed his second amended complaint, the defendants may file another motion to dismiss that includes assertions of immunity from suit.[1] If they do so, the district court should decide those immunity issues before requiring that the parties litigate Howe's claims any further.

**VACATED IN PART AND REMANDED.**

---

[1] Despite the defendants' contention, responding to Howe's second amended complaint is not a burden of litigation from which the immunity doctrines protect them.