[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

0FOR THE ELEVENTH CIRCUIT
_____

No. 17-11826
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24654-MGC


DEVON BROWN,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF REVENUE
OFFICE OF CHILD SUPPORT ENFORCEMENT,
2450 Shumard Oak Blvd Tallahassee, FL 32399,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 27, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Devon Brown appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 complaint against the State of Florida Department of Revenue, Office of Child Support Enforcement ("the Department"). In his complaint, he alleged that the Department violated the separation of powers clause of the United States and Florida State Constitutions, that child support is unconstitutional, and that the Department violated his Fourth, Seventh, Thirteenth, and Fourteenth Amendment rights to the United States Constitution. The district court granted the Department's motion to dismiss, concluding that the Department was immune from suit under the Eleventh Amendment, and that it was not a "person" under § 1983. On appeal, Brown argues that Eleventh Amendment immunity does not exempt the Department from suits based on alleged constitutional violations, and that the Department is a business that can be sued under § 1983. After thorough review, we affirm.

We review a district court's dismissal of a complaint on Eleventh Amendment grounds de novo. In re Emp't Discrimination Litig. Against State of Ala., 198 F.3d 1305, 1310 (11th Cir. 1999). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. The Supreme Court has extended Eleventh Amendment immunity to prevent suits in federal court against a state by its own citizens. Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005). The Eleventh Amendment provides immunity for a state's agencies as well. Miccosukee Tribe of Indians v. Fla. State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000).

The Eleventh Amendment is no bar, however, where (1) the state consents to suit in federal court, or has waived its immunity, or (2) where Congress has overridden the state's sovereign immunity. Cross v. Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995). Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. Id.

While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue sua sponte, it has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar. Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445, 1448 (11th Cir. 1996). Thus, Eleventh Amendment immunity is a threshold issue that should be decided at an early stage of litigation. Id.

3

Here, the district court did not err in granting the Department's motion to dismiss on the grounds of Eleventh Amendment immunity.  Our case law is clear that as a state agency, the Department is immune from suit under the Eleventh Amendment.  Miccosukee, 226 F.3d at 1231.  Congress has not abrogated Eleventh Amendment immunity in § 1983 cases and the Department has neither waived its immunity, nor consented to suit in federal court.  Cross, 49 F.3d at 1502.  Therefore, the Eleventh Amendment bars appellant's § 1983 suit against the Department, and we affirm the district court's dismissal of Brown's complaint.  See Miccosukee, 226 F.3d at 1231; Cross, 49 F.3d at 1502.  Moreover, because the Department is immune from this lawsuit, we need not consider Brown's claim that the defendant, a state agency, is a "person" for purposes of his § 1983 complaint.

**AFFIRMED**.