[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12185
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00274-MSS-TBM

ANDREW JOSEPH, JR.,
as natural father, next friend and personal representative
of the Estate of Andrew Joseph, III deceased,

Plaintiff - Appellee,

versus

DAVID GEE,
in his official capacity as the Sheriff of Hillsborough County, et al.,

Defendants,

HENRY ECHENIQUE,
in his individual capacity,
MARK CLARK,
in his individual capacity,
STEPHEN JONES,
in his individual capacity,
ADRIAN CHESTER,
in his individual capacity,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 10, 2018)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Andrew Joseph, Jr., as personal representative of his deceased son, Andrew Joseph, III, sued the Florida State Fair Authority, David Gee, in his official capacity as Sheriff of Hillsborough County, and four officers—Henry Echenique, Mark Clark, Stephen Jones, and Adrian Chester—in their individual capacities. In addition to state law claims, Mr. Joseph asserted claims under 42 U.S.C. § 1983 for violations of his son's Fourth Amendment rights. Mr. Joseph alleges that the individual officers violated his son's civil rights by detaining and forcibly ejecting him from the Florida State Fair. According to Mr. Joseph's allegations, the officers' unconstitutional conduct ultimately led to the tragic death of his son, who was struck by a vehicle while attempting to cross Interstate 4.

Officers Echenique, Clark, Jones, and Chester moved to dismiss Mr. Joseph's second amended complaint, arguing that it failed to state a claim upon which relief could be granted, and that they were entitled to qualified immunity.

2

The officers appeal the district court's denial of these motions.  Upon *de novo* review, *see Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997), and after careful consideration of the record and the parties' briefs, we vacate the orders denying the officers' motions to dismiss and remand to the district court.

The district court's orders denying the officers' motions state that the motions were denied because "[i]t is premature to determine … whether [the officers] are entitled to Qualified Immunity based on the facts of this case.  The Court finds that discovery is needed to make this determination."  D.E. 112 at 1–2; D.E. 113 at 1–2.  This was error.  As we recently explained, the district court's order requiring discovery "before the court ruled on the immunity defenses is ... inconsistent with [our] decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."  *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (citing *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Protection*, 91 F.3d 1445, 1449 (11th Cir. 1996)).  *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

When presented with the officers' motions to dismiss, both our precedent and precedent from the Supreme Court instruct the district court to analyze whether, taking Mr. Joseph's allegations as true, the second amended complaint asserted a violation of a clearly established constitutional right.  *See Chesser v.*

*Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) ("[T]he [qualified immunity] defense may be raised and considered on a motion to dismiss; the motion will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'") (quoting *Williams*, 192 F.3d at 1182); *Santamorena v. Ga. Military College*, 147 F.3d 1337, 1342 (11th Cir. 1998) (affirming grant of motion to dismiss on qualified immunity grounds because the "complaint fail[ed] to allege the violation of a clearly established constitutional right"). *See also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits."). Because the district court failed to conduct this analysis, we vacate its orders on the officers' motions to dismiss and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**