[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13430
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24267-CMA


JUAN L. PEREZ,
MARIA A. POSADA,

                                                    Plaintiffs - Appellees,

versus


RICHARD BRIOSO,
ARMANDO GONZALEZ,

                                                    Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 26, 2018)

Before WILSON, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Defendants Richard Brioso and Armando Gonzalez appeal the denial of their motion for summary judgment based on qualified immunity.  We dismiss their appeal for lack of jurisdiction.

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985).  But we lack interlocutory appellate jurisdiction where the denial of summary judgment is based solely on evidentiary sufficiency, *Cottrell v. Caldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996), or where the decision is merely "tentative, informal or incomplete."  *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42, 115 S. Ct. 1203, 1208 (1995).

After hearing oral argument, the district court denied summary judgment without prejudice "not because . . . that's the final decision, but because the briefing is inadequate."  The court expressed its desire to "make it clear on th[e] record" that "the briefing is inadequate to assist me in determining whether or not these officers were acting within their discretionary authority such that we engage in the qualified immunity analysis."  The district court then briefly speculated that, as things stood, it did not think that Brioso and Gonzales met their burden of showing that their conduct "doesn't shock the conscience."

2

In light of the fact that the district court refused to conduct a qualified immunity analysis because of deficiencies in the briefing and the evidence, dismissed the summary judgment motion without prejudice, emphasized that its order was "not a final decision," and encouraged the parties "to seek leave to file an amended and corrected motion for summary judgment," we think its order was too tentative and incomplete to constitute a final decision under *Mitchell*.   Under these circumstances, the order did not "finally and conclusively determine[] the defendant[s'] claim of right not to stand trial on the plaintiff[s'] allegations," because "further steps [] can be taken in the District Court to avoid the trial the defendant[s] maintain[] is barred."[1]  *Mitchell*, 472 U.S. at 527, 105 S. Ct. at 2816 (emphasis omitted).  Accordingly, we lack jurisdiction to hear the appeal of the qualified immunity issue at this time.

   **DISMISSED.**

---

[1] Brioso and Gonzalez argue that having to amend their motion to dismiss to cure the deficiencies pointed out by the district court would contravene the purpose of qualified immunity.  But we have previously stated that "responding to [a] second amended complaint is not a burden of litigation from which the immunity doctrines protect" defendants, *Howe v. City of Enter.*, 861 F.3d 1300, 1303 n.1 (11th Cir. 2017) (per curiam), and neither is amending a motion for summary judgment so that the district court can properly and finally rule on whether the defendants are entitled to qualified immunity.