IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

NOEL VANLANDINGHAM, ) 
 ) 
Plaintiff, ) 
 ) 
v. ) Civil Act. No. 1:19cv500-ECM 
 ) [wo] 
THE CITY OF ABBEVILLE, ALABAMA, ) 
et al., ) 
 ) 
Defendants. ) 
 ORDER 

Now pending before the Court is the Defendants’ motion to vacate the Uniform 
Scheduling Order and to stay discovery, filed on July 24, 2020. (Doc. 52). 
The Defendants’ motion is premised primarily on the fact that individual Defendants 
were added to this case by the Plaintiff’s second amended complaint, (doc. 44), and that 
they have invoked the defense of qualified immunity in a motion to dismiss. (Doc. 48). 
The individual Defendants argue that they ought not be required to engage in discovery 
while their motion to dismiss is pending. (Doc. 48). The Defendants further contend that 
the stay of discovery also should apply to the City of Abbeville because the claims against 
it are intertwined with the claims against the individuals. 
The Plaintiff responds that he is already entitled to proceed on discovery as to a First 
Amendment retaliation in suspension claim which survived an initial motion to dismiss, 
and that proceeding with discovery will allow the issue of qualified immunity to be better 
framed. 
The Second Amended Complaint not only added individual Defendants to the First 
Amendment retaliation claim based on the Plaintiff’s suspension, but also added a 
retaliation theory based on the Plaintiff’s termination. (Doc. 44). The individual 

Defendants have invoked qualified immunity as to all claims against them. (Doc. 48). The 
Eleventh Circuit has indicated that proceeding with discovery while there is a pending 
motion to dismiss raising qualified immunity is effectively a denial of qualified immunity. 
See Howe v. City of Enter., 861 F.3d 1300, 1302 (11th Cir. 2017)(stating that “requiring 
the defendants to further defend from liability while the immunity issue remained pending, 

the district court had effectively denied immunity, which provides an entitlement not to 
stand trial or face the other burdens of litigation.”)(quotation and citation omitted). Here, 
even though the case has been proceeding on one of the claims asserted, it has not been 
proceeding on claims against the individual Defendants, and they are entitled to a ruling 
on their invocation of the defense of qualified immunity. The Court finds, therefore, that 

those Defendants ought not be required to engage in discovery while their motion to 
dismiss is pending. And, this Court is persuaded that a stay of discovery as to all 
Defendants is preferred to piecemeal discovery. See McBride v. City of Dothan, 2013 WL 
674671, at *2-3 (M.D. Ala. 2013)(Thompson, J.)(stating “if discovery is stayed against one 
defendant but not related co-defendants, the stay is, practically speaking, likely to be 

illusory for the intended beneficiary.”). 
The Court, however, does not agree that the Uniform Scheduling Order must be 
vacated at this point in the proceedings. A briefing schedule has been entered on the motion 
to dismiss, (doc. 50), and no deadlines in the Uniform Scheduling Order are set to expire 
in the near future. (Doc. 39). 
Accordingly, it is hereby 

ORDERED that the motion to vacate the Uniform Scheduling Order and to stay 
discovery (doc. 52) is GRANTED only to the extent that discovery in this is STAYED until 
resolution of the pending motion to dismiss and is DENIED as to the request to vacate the 
Uniform Scheduling Order. 
If a party contends that adjustments to the Uniform Scheduling Order are required 

after the Court’s ruling on the motion to dismiss, those can be raised by later motion. 

DONE this 5th day of August, 2020. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE