[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10288
Non-Argument Calendar

_____

STEVEN BENJAMIN SCHWARZ,

Plaintiff-Appellant,

Versus

GEORGIA COMPOSITE MEDICAL
BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-01142-MLB

_____

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dr. Steven Benjamin Schwarz, proceeding pro se, appeals the district court's dismissal of his claim under Title II of the Americans with Disabilities Act (ADA) for lack of subject matter jurisdiction. The district court did not err because, first, it could not grant meaningful relief from restrictions on Schwarz's medical license, making that issue moot, and second, Schwarz did not allege a prima facie case of discrimination under Title II to show an abrogation of the agency's sovereign immunity. Accordingly, we affirm the district court's dismissal of Schwarz's claims.

## I.

In his amended complaint, Schwarz alleged the following facts regarding his disability and treatment by the Georgia Composite Medical Board (Board). Schwarz suffers from bipolar disorder and Crohn's disease and surrendered his medical license in 2009 after being declared mentally incompetent by a probate court following an episode of bipolar depression. After treatment, Schwarz's mental competency was declared restored in 2013, so he applied for the reinstatement of his medical license. The Board denied his application in 2014, citing his failure to pass the Special Purpose Examination (SPEX), a requirement for reinstatement. Schwarz retook and passed the SPEX in 2017, and subsequently submitted a new application for reinstatement of his medical license after nine years of being out of practice.

While his application was pending, Schwarz filed the present suit seeking reinstatement of his license and other relief. Schwarz

alleged that, before the suit was resolved, the Board entered into a Public, Non-Disciplinary Consent Agreement for Reinstatement (Consent Agreement) with him that restored his medical license with conditions in 2018.  The Consent Agreement applied explicitly to his 2018 reinstatement and required that Schwarz adhere to a "Supervision Requirement."  Under this requirement, Schwarz agreed to practice medicine only "in the same office as and under the direct supervision of a Board approved psychiatrist" and to submit "quarterly reports to the Board from the supervising physician regarding [his] clinical practice," which was to include the supervising psychiatrist's opinion on Schwarz's ability to practice medicine with reasonable skill and safety to patients.

Schwarz alleged in his complaint that the Board, a state agency, intentionally discriminated against him by imposing a requirement that he be supervised by another psychiatrist on his reinstated medical license.  He suggested that the application form discriminates against individuals seeking treatment for medical disorders by asking if the applicant has suffered physical or substance use disorders resulting in the inability to practice medicine or has been subject to court-ordered treatment or hospitalization. Schwarz requested injunctive relief from the Supervision Requirement and compensatory damages for the loss of income caused by it.  The Board replied that it was not legally required to notify Schwarz of his need to apply for renewal and that Schwarz still failed to state a viable ADA claim.  The Board argued that Georgia law sets the requirements for renewal of a medical license and that Schwarz failed to timely renew his license within the specified

timeframe; therefore, his license was revoked by operation of law. The Board further argued that Schwarz failed to allege that the Supervision Requirement was placed on him because of his disability rather than because he had been out of practice for nine years.

The district court dismissed Schwarz's claim for injunctive relief as moot after finding his license lapsed because of his failure to renew it, and it dismissed his claim for compensatory damages after finding the Board was entitled to sovereign immunity.[1]

On appeal, Schwarz concedes that his medical license lapsed and does not present any argument about the district court's decision to dismiss his claim for injunctive relief as moot. Instead, Schwarz requests that his medical license be reinstated because he was not given advance notice of its need for renewal. Schwarz argues that the district court erred in dismissing his claim for damages when it concluded that the Board's sovereign immunity had not been abrogated because he alleged a prima facie violation of Title II of the ADA.

## II.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction and review related factual findings for clear error. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). We review questions of mootness de novo.

---

[1] Upon finding it lacked subject matter jurisdiction, the district court also denied as moot several motions Schwarz had filed. On appeal, Schwarz does not address that ruling and, thus, has abandoned any challenge to it. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

*Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs*, 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc), *abrogated on other grounds by Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021).  In analyzing a motion to dismiss, courts ordinarily do not look beyond the face of the complaint and documents attached to it. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam).

Federal courts construe the filings of pro se litigants liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Issues not briefed on appeal are deemed abandoned. *Timson*, 518 F.3d at 874.

"In order to invoke the jurisdiction of an Article III court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Checker Cab Operators, Inc. v. Miami-Dade Cnty.*, 899 F.3d 908, 915 (11th Cir. 2018) (internal quotation mark omitted).  That injury, moreover, must exist at all stages of review, and if it does not the case becomes moot and incapable of further adjudication. *Id.*  In considering whether a case is moot, "we look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Dow Jones*

*& Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001). When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful injunctive relief, a claim for such relief is moot and must be dismissed. *Flanigan's Enters.*, 868 F.3d at 1255.

On appeal, Schwarz failed to make any argument that he had the right to practice medicine after his license lapsed and failed to argue that the district court's mootness finding was erroneous. Because he did not address it on appeal, Schwarz abandoned any challenge to the dismissal of his claim for injunctive relief. *See Timson*, 518 F.3d at 874. To the extent Schwarz argues that his license should be reinstated because he was not afforded due process, that issue is not properly before us because Schwarz did not assert a due process claim in his amended complaint. *See Fin. Sec. Assurance*, 500 F.3d at 1284.

Even if not abandoned, the district court properly dismissed Schwarz's claim for injunctive relief because it was rendered moot after his medical license lapsed due to his failure to renew it. Physicians may not practice medicine in Georgia without a valid license, so Schwarz was not permitted to practice medicine—regardless of whether he was subject to the Supervision Requirement—at the time the district court dismissed his complaint. As such, even if the district court granted Schwarz's request to relieve him of the Supervision Requirement, he would still be unable to practice medicine. Because Schwarz lacked any legally-cognizable interest in the outcome of his case after his license lapsed, his claim for injunctive relief became moot and the district court lacked subject matter

21-10288          Opinion of the Court                    7

jurisdiction over it. *See Checker Cab Operators*, 899 F.3d at 915. Accordingly, we affirm as to this issue.

### III.

Absent a state's consent, the Eleventh Amendment prohibits federal courts from hearing cases against a state or one of its agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases." *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). Such a bar is jurisdictional in nature and should be settled at the outset of a case "to protect states from the indignity of being haled into federal court by private litigants." *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (per curiam). The Eleventh Amendment is no bar, however, where Congress has abrogated the states' sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

To abrogate a state's immunity, Congress must have unequivocally expressed its intent to do so and acted pursuant to a valid grant of constitutional authority. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Congress has expressed its intent to abrogate state sovereign immunity for Title II ADA claims. *Tennessee v. Lane*, 541 U.S. 509, 530–31 (2004). Whether Congress effectuated its intent to abrogate sovereign immunity for Title II claims is subject to a further three-step test, to be analyzed on a claim-by-claim basis, asking:

(1) which aspects of the State's alleged
conduct violated Title II; (2) to what ex-
tent such misconduct also violated the
Fourteenth Amendment; and (3) insofar
as such misconduct violated Title II but
did not violate the Fourteenth Amend-
ment, whether Congress's purported
abrogation of sovereign immunity as to
that class of conduct is nevertheless
valid.

United States v. Georgia, 546 U.S. 151, 159 (2006).

When considering facial challenges to subject matter juris-
diction, we must, as with a Rule 12(b)(6) motion, take the com-
plaint's allegations as true. Carmichael v. Kellogg, Brown & Root
Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). "To survive a
motion to dismiss, the complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief that is plausible
on its face." Ashcroft, 556 U.S. at 678 (internal quotation mark
omitted).

At step one of the Georgia test to determine whether a Title
II claim for damages is constitutionally permissible under the Elev-
enth Amendment, we evaluate whether the plaintiff has stated a
viable claim under Title II. Here, he has not. Title II of the ADA
provides that "no qualified individual with a disability shall, by rea-
son of such disability, be excluded from participation in or be de-
nied the benefits of the services, programs, or activities of a public
entity, or be subjected to discrimination by any such entity." 42

U.S.C. § 12132.  To state a viable Title II claim, a plaintiff must allege facts plausibly showing

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). To recover damages, the plaintiff must also show intentional discrimination, which requires a showing of deliberate indifference. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019).

Here, the district court did not err in dismissing Schwarz's claim for damages because Schwarz did not plausibly allege a violation of Title II of the ADA.  To make that showing, Schwarz first had to allege facts supporting a plausible finding that the supervision requirement on his license was intentionally imposed because of his disability.  *See Bircoll*, 480 F.3d at 1083.  But Schwarz alleged in his amended complaint little more than general statements made by Professional Health Program Administrators regarding consent agreements generally and statistics purporting to show a history of discrimination against other physicians on the basis of race or

national origin—not disability.  Taken as true, the allegations in Schwarz's complaint support, at most, a finding of historical discrimination in other contexts and against other physicians that is not plausibly connected to Schwarz's conclusory claim that the supervision requirement violated Title II.  *See Ashcroft*, 556 U.S. at 678 ("A pleading that offers labels and conclusions . . . will not do." (internal quotation marks omitted)).  Schwarz thus failed to plead facts that allow the court to draw the reasonable inference that the supervision requirement was intentionally imposed on him because of his disability.  *See id.*

Therefore, because Schwarz did not allege a plausible Title II ADA violation, Schwarz's claim failed at the first step of the *Georgia* test for determining whether a Title II claim for damages is constitutionally permissible under the Eleventh Amendment.  As a result, the Board is entitled to sovereign immunity, and the district court did not err by dismissing his claim for damages for lack of subject matter jurisdiction. Accordingly, we affirm.

**AFFIRMED.**