[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10010

Non-Argument Calendar

_____

DEVON A. BROWN,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF REVENUE OFFICE OF CHILD
SUPPORT ENFORCEMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20171-MGC

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Devon Brown appeals the dismissal with prejudice of his suit against the Florida Department of Revenue Office of Child Support Enforcement. Filing *pro se*, Brown challenged a Department child support enforcement action, alleging various fraud and constitutional claims. The district court granted the Department's motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on the following grounds: (1) failure to comply with the district court's previous order as a precondition to filing suit; (2) the Department's entitlement to Eleventh Amendment sovereign immunity; and (3) Brown's failure to otherwise state a claim upon which relief could have been granted. After careful consideration, we conclude that the Department is immune from suit under the Eleventh Amendment. Accordingly, we affirm the dismissal but remand so that the district court may enter the dismissal without prejudice.

## I.    BACKGROUND

Brown has been challenging the Department's child support enforcement actions since 2015. To that effect, he has filed eight lawsuits in the District Court for the Southern District of Florida against the Department and other state agencies, related to his child support obligations. In the suit giving rise to this appeal, Brown alleged that the child support enforcement action against

him was fraudulent and violated his due process rights. He also argued that child support enforcement was generally unconstitutional.

But as we explained above, this is neither Brown's first time suing the Department nor his first time before us on appeal. In 2017, a district court dismissed a previous suit without prejudice on the same Eleventh Amendment grounds the Department relies upon today, and we affirmed that dismissal. *Brown v. Fla. Dept. of Revenue Off. of Child Support Enf't.*, 697 F. App'x 692 (11th Cir. 2017) (*Brown I*). In yet another lawsuit, filed two days after the district court's initial dismissal in *Brown I*, the district court again dismissed Brown's claims, this time identifying him as "a repeat filer of frivolous suits in the Southern District of Florida." Order Dismissing and Closing Case, *Brown v. Fla. Dept. of Revenue Off. of Child Support Enf't.*, No. 1:17-cv-21187-CMA (S.D. Fla., Mar. 31, 2017) (*Brown II*). Alongside its dismissal, the district court in *Brown II* ordered the clerk "not to accept any future filings from [Brown]" unless certain conditions were met. *Id.* The order stipulates that Brown may file a suit if he either: "(1) pays the filing fee; (2) affirms under oath that he is in imminent threat of serious physical injury; (3) is represented by counsel; or (4) obtains leave of court to file." *Id.* In the appeal before us today, the district court dismissed a third suit with prejudice for failure to comply with the *Brown II* order. It also articulated two alternative rationales for dismissal: (1) that the Department was entitled to Eleventh Amendment sovereign

4                    Opinion of the Court                    22-10010

immunity, and (2) that Brown failed to state a claim under Rule 12(b)(6). Brown timely appealed *pro se*.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's conclusion regarding Eleventh Amendment immunity. *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005).

## III.    DISCUSSION

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Al. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, when we conclude that a jurisdictional bar applies in a cause, the "only function remaining . . . is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). The Eleventh Amendment is an "explicit limitation on federal jurisdiction," barring claims against state defendants in federal court by its own citizens or citizens from other states. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541 (2002) (quoting *Pennhurst State Sch. and Hosp. v. Halderman* 465 U.S. 89, 99 n.8, 118–19 (1984)). Because the Department is a state agency, it is entitled to immunity from civil actions under the Eleventh Amendment in federal court. *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) ("[T]he Eleventh Amendment extends to state agencies . . . ."); *Nichols v. Al. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016) ("Given that the State Bar is an arm of the state entitled to Eleventh Amendment immunity, the district court properly dismissed

Nichols's § 1983 action without prejudice for lack of subject matter jurisdiction."). Although a state may waive its Eleventh Amendment immunity or consent to suit, neither of those exceptions applies here. *See generally Gamble v. Fl. Dep't of Health & Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986) (dismissing a suit against a Florida agency, holding that Eleventh Amendment immunity applied, and rejecting the argument that Florida waived their immunity from suit in federal civil rights actions).

Our conclusion that the Department is immune from suit leaves us without jurisdiction to further consider Brown's claims, so we affirm the district court's dismissal under Rule 12(b)(1) on that ground. Because it dismissed Brown's suit for lack of subject matter jurisdiction, however, "the district court should have dismissed the complaint without prejudice[.]" *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008). Thus, "we remand in part so that the district court can reenter its dismissal order without prejudice." *Id.*

Lastly, we note that Brown remains subject to the requirements of the court order issued in *Brown II. See generally Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008).

## IV.    CONCLUSION

For the foregoing reasons, the district court's judgment is **AFFIRMED IN PART AND REMANDED IN PART**.