[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10247

Non-Argument Calendar

_____

RICHARD YUENGLING,
individually and as parent guardian of their
minor children, H.Y and P.Y,
REBECCA YUENGLING,
individually and as parent guardian of their
minor children, H.Y and P.Y,

                              Plaintiffs-Counter Defendants-Appellees,

*versus*

PASCO COUNTY SCHOOL BOARD,
et al.,

                              Counter Claimants-Defendants,

2                    Opinion of the Court                    24-10247

ERIC SELTZER,
officially asPasco County Sheriff's employees,
CHRIS JOYAL,
officially as Pasco County Sheriff's employees,
SARGENT STACEY JENKINS,
officially as Pasco County Sheriff's employees,
RACHEL FLOYD,
In her official capacity as teacher,
PATRICK MARSHELLO, et al.,

                                          Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01787-MSS-SPF

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Richard and Rebecca Yuengling filed this 42 U.S.C. § 1983 lawsuit alleging certain employees of the Pasco County Sheriff's Office and the Pasco County School Board violated their constitutional rights and those of their minor children.  The Defendants filed motions to dismiss based both on the Yuenglings' failure to state claims on which relief could be granted, and the qualified

24-10247                Opinion of the Court                3

immunity of the government officials sued in their individual capacities.  In an order dated September 29, 2023, the district court granted the motions to dismiss in part and denied them in part.  However, the court reserved ruling on the qualified immunity issue, stating "Defendants' claims of qualified immunity are **TAKEN UNDER FURTHER ADVISEMENT,** and a hearing may be set by separate notice."  The order also stated "[t]he only issue that remains to be decided is qualified immunity.  The Court will resolve this issue by separate Order."  The September 29 order was unclear as to when the separate order on qualified immunity would be entered.

Consequently, on November 22, 2023, the Yuenglings filed a Motion for Clarification or in the Alternative for Leave to begin Discovery.  The district court granted that motion on December 28, 2023, stating, among other things, the following:

> In light of the Court's September 29, 2023 Order resolving the pending motions to dismiss, this case shall resume in the normal course and the Parties' discovery obligations are REINSTATED.  The issue of qualified immunity is under advisement and the Court's assessment of this issue will be aided by further discovery.

As a result of the December 28, 2023, order, it became clear that the qualified immunity issue was not going to be ruled upon at the motion to dismiss stage.  On January 23, 2024, Pasco County Sheriff's Office employees Captain Eric Seltzer, Lieutenant Christopher Joyal, Major Stacey Jenkins, and Sergeant Patrick Marshello (Sheriff

Appellants), and Pasco County School Board employees Kurt Browning, Ray Gadd, Carin Hetzler-Nettles, and Rachel Floyd (School Board Appellants) timely appealed the district court's December 28, 2023, clarification order that reserved ruling on the issue of qualified immunity and its determination the qualified immunity issue will be aided by further discovery.[1]

As an initial matter, we have jurisdiction over this appeal. Requiring defendants to further defend from liability while a qualified immunity issue remains pending is effectively denying qualified immunity. *See Howe v. City of Enterprise*, 861 F.3d 1300, 1301 (11th Cir. 2017). "To the extent it turns on a question of law, a denial of qualified immunity at the motion to dismiss stage is an immediately appealable order." *Corbitt v. Vickers*, 929 F.3d 1304, 1309 n.2 (11th Cir. 2019). "This is true even if the district court 'reserved ruling on a defendant's claim to immunity' until a later stage of litigation because the 'immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.'" *Id.* (quoting *Howe*, 861 F.3d at 1302).

---

[1] We reject the Yuenglings' contention that the appeal is untimely as the Sheriff Appellants and School Board Appellants should have appealed after the September 29, 2023, order on the motion to dismiss. It was unclear from the language in that order whether another order on qualified immunity was immediately forthcoming, necessitating the Yuenglings' own motion for clarification as to the next steps in litigation. It did not become clear until the December 28, 2023, clarification order that a ruling on qualified immunity was not occurring before discovery began.

The district court's deferral of a ruling on qualified immunity violates the Sheriff Appellants' and School Board Appellants' rights not to be subjected to litigation beyond the point at which immunity is asserted. *See Corbitt*, 929 F.3d at 1309 n.2; *Howe*, 861 F.3d at 1302-03. The district court erred by reserving its ruling on qualified immunity and allowing discovery to proceed. The district court's order dated December 28, 2023, is vacated to the extent it defers ruling on qualified immunity and reinstates the parties' discovery obligations. On remand, the district court should rule on the Sheriff Appellants' and School Board Appellants' qualified immunity defenses.

**VACATED IN PART AND REMANDED.**